David Gordon, Plaintiff-Appellant, v. Department of Registration and Education of the State of Illinois, Defendant-Appellee.

Gen. No. 53,572.

First District.

October 23, 1970.

Block, Levy & Becker, of Chicago, for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel), for appellee.

TRAPP, J.

The Circuit Court affirmed an order of the Department of Education and Registration which suspended the license of plaintiff as a registered pharmacist for a period of thirty days. Plaintiff appeals.

The complaint of the Department charged that Gordon, a registered pharmacist, was guilty of gross immorality within the provisions of section 7(f) of the Illinois Pharmacy Practice Act (c 91, § 55.7(f), Ill Rev Stats 1963), in that on February 20, 1964, Gordon was convicted upon his plea of nolo contendere in the United States District Court

upon two charges of dispensing drugs without a prescription in violation of the provisions of Title 21, United States Code, § 331(k).

At the hearing before the Pharmacy Examining Committee, the Department introduced a certified copy of the record of the United States District Court including the information filed and the convictions and sentences upon pleas of nolo contendere. The report of proceedings before the examining committee discloses no objection to the introduction of the record in the United States District Court, and no motion directed against such evidence. Gordon was called and refused to testify concerning the charges. While not specifically framed as an exercise of the right against self-incrimination, it seems to have been accepted as such.

Upon motion for rehearing before the Pharmacy Examining Committee, Gordon contended that the conviction in the Federal Court was for a misdeameanor and that there was no legislative authority to suspend a pharmacist's license upon conviction of a misdemeanor.

Upon this appeal, Gordon argues that no evidence was introduced which shows that he was guilty of "gross immorality" within the provisions of the Pharmacy Act; that the Department has no power or authority to suspend a pharmacist's license upon conviction of a misdemeanor; that the plea of nolo contendere was not an admission for purposes of this proceeding, and that there was no competent evidence that the drugs sold were addictive or could be used for improper purposes.

It is not necessary to review at length Gordon's arguments that the conviction in the United States District Court upon the plea of nolo contendere is not admissible into evidence.

█ The issue of the admissibility of the certified record was not raised by objection before the administrative body hearing the complaint. Matter of defense not presented to the administrative agency may not be raised in the court in review or upon appeal. Leffler v. Browning, 14 Ill2d 225, 151 NE2d 342; Jewell v. Carpentier, 22 Ill2d 445, 176 NE2d 767. As has been said, orderly procedure requires holding a party to his own conduct,

for otherwise a party would have the benefit of surprise and deprive the opposing party of an opportunity to contest the issue. Abbott Pub. Co. v. Annunzio, 414 Ill 559, 112 NE2d 101.

■ The issue of the admissibility of a conviction upon a plea of nolo contendere has been considered by the Supreme Court in the matter of discipline of lawyers. In re Eaton, 14 Ill2d 338, 152 NE2d 850, concerned disbarment proceedings following a plea of nolo contendere upon a charge of mail fraud. The record of such conviction was the only evidence presented. Respondent moved to strike the complaint, contending that the judgment upon the plea did not amount to a conviction and that the record of the indictment and conviction was inadmissible into evidence. The Court determined that there was no logical distinction between a conviction upon a plea of guilty and a plea of nolo contendere, and that discipline was imposed upon the conviction rather than upon an admission implicit in the plea. Thus in Illinois, for purposes of disciplinary proceedings, a conviction upon a plea of nolo contendere is equivalent to a conviction under any other plea. In re Revzan, 33 Ill2d 197, 210 NE2d 519. See also 29 Am Jur2d 760, § 702.

■ It is urged that a conviction upon a misdemeanor is not "gross immorality" within the meaning of the Illinois Pharmacy Practice Act. We consider this in the light of the preamble of such Act, c 91, § 55.1, Ill Rev Stats 1963. It determines that pharmacy is a professional practice affecting public health, safety and welfare and is subject to regulation and control in the public interest. The State Board of Pharmacy made a finding that the separate sales of legend drugs without prescription on the same date to the same person indicated a woeful disregard of regulations and was contrary to the public interest.

■ We consider the term "gross immorality" in the light of the issues presented. Immorality has been defined as that which is inimical to public welfare according to the standards of the community as expressed in law or otherwise. Black's Law Dictionary. In the legal sense, "gross" denotes conduct which is wilful and flagrant. Indiana Board of Pharmacy v. Haag, 184 Ind 333,

111 NE 178; Rose v. Baxter, 18 Ohio Dec 658. In the absence of a statutory definition, "gross immorality" may be measured by the standards of the profession concerned. Mingo County Medical Soc. v. Simon, 124 W Va 493, 20 SE2d 807.

It is argued that the Illinois Pharmacy Practice Act provides for suspension or revocation of a license only where there has been a conviction of a felony and that a conviction for a misdemeanor does not authorize a suspension of a license. Such argument requires the conclusion that the legislature had no interest or concern with the maintenance of standards of ethics in the profession of pharmacy, and did not intend to provide any means for providing professional discipline. There are, indeed, many misdemeanors which are not concerned with professional practice and conviction upon such may not be a concern of public interest or welfare. We are not persuaded, however, that when it created the State Board of Pharmacy of the Department of Registration and Education, the legislature intended to disregard all professional standards and practices and to permit any violation of such, as long as it was not labelled a felony. For us to find and declare such a legislative intent would be an unreasonable and stultifying conclusion. We determine, therefore, that a conviction of a misdemeanor which concerns the practice of pharmacy is "gross immorality" within the intent and purpose of the Illinois Pharmacy Practice Act. The judgment of the Circuit Court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.