GARY H. BUDKA, Plaintiff-Appellee and Cross-Appellant, *v.* THE BOARD OF PUBLIC SAFETY COMMISSIONERS *et al.*, Defendants-Appellants and Cross-Appellees.

First District (3rd Division)   No. 82—2854

Opinion filed December 14, 1983.

Hoffman, Burke and Bozick, of Chicago (Edmund J. Burke and Gary W. Bozick, of counsel), for appellants.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (Peter M. Rosenthal and Susan L. Kurland, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

On December 5, 1977, plaintiff Gary H. Budka was discharged as a village of Rosemont police officer by the defendant Board of Public

Safety Commissioners because he failed to maintain his residence in Rosemont. On January 9, 1978, plaintiff filed an administrative review action challenging his discharge, and on March 9, 1981, that action was dismissed for want of prosecution. On March 4, 1982, plaintiff filed the present action which was identical to the previously dismissed suit. On November 9, 1982, the trial court set aside the board's decision and found that Rosemont's residency requirements did not apply to plaintiff. The court directed that plaintiff be reinstated as a police officer and awarded him back pay and allowances subject to setoffs with the exception that no back pay and allowances were awarded for the period during which the action was dismissed for want of prosecution. Defendants appeal. Plaintiff has filed a cross-appeal challenging that portion of the order which did not allow him back pay for the period during which the matter was dismissed for want of prosecution.

On August 1, 1972, plaintiff, who at the time resided in Chicago, was appointed an officer of the Rosemont police department. Approximately seven months later, while in his probationary period, plaintiff established a residence in Rosemont. On September 22, 1977, plaintiff established residence in Schaumburg.

Defendant Richard Drehobl, director of public safety, filed written charges with the board in October 1977, seeking plaintiff's discharge for his failure to maintain a residence in Rosemont. The charges alleged violations of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 3—14—1), Rosemont Ordinance 74—3—9, and Rosemont Police Department and Board of Police and Fire Commissioners Rules.

At the hearing before the board, plaintiff testified that he had not been advised, when he was hired, of any statute, rule or ordinance requiring him to live in Rosemont. Although he had heard "by word of mouth" of the supposed requirement, his taking up of residency in Rosemont was not motivated by a desire to comply with a requirement. Plaintiff also testified that one month before he moved to Schaumburg, he was ordered to sign a form acknowledging his understanding that actual residence within Rosemont was a condition of his employment. Plaintiff signed the form under protest and, at the time of signing, plaintiff's attorney wrote to the Police and Fire Commission expressing the belief that the residency requirements were unconstitutional as applied to plaintiff.

Plaintiff testified that on October 10, 1977, he told Drehobl he had purchased a home in Florida and was considering moving there. He also testified that, in moving to Schaumburg, he relied on the fact that the Rosemont chief of patrol resided in Schaumburg. Prior to

plaintiff's change of residence, however, discharge proceedings were brought against the chief.

Plaintiff argued before the board and in the trial court that the Illinois Municipal Code was not applicable to him. He maintained that the adoption of Rosemont Ordinance 75—9—17A conflicted with the State statute and that under Rosemont's home rule powers, the statute was superseded. The statute provides in relevant part:

> "No person shall be eligible to any municipal office unless he is a qualified elector of the municipality and has resided therein at least one year next preceding his election or appointment. However, these requirements shall not apply to the municipal engineer, health officers, or other officers who require technical training or knowledge. Nor shall these requirements apply to city attorneys or to village attorneys. But no person shall be eligible to any municipal office who is a defaulter to the municipality.
>
> Except for incorporated towns which have superseded a civil township, municipalities having a population of not more than 500,000 are hereby authorized and empowered to adopt ordinances which allow firemen and policemen to reside outside of the corporate limits of the municipality by which they are employed both at the time of appointment and while serving as such firemen or policemen." Ill. Rev. Stat. 1975, ch. 24, par. 3—14—1.

The Rosemont ordinance adopted on September 17, 1975, provides in relevant part:

> "*SECTION 3*: That section 2—103.1 of the Code of Ordinances of the Village of Rosemont be amended to read as follows:
>
> Sec. 2—103.1. *Requirements for appointment.*
>
> All applicants for a position in the Department of Public Safety shall be citizens of the United States, electors within the State of Illinois and County of Cook, and shall have been residents of the Village of Rosemont for at least six months preceding the time of their application.
> * * *
>
> Section 8. * * *
>
> It is the intent of the corporate authorities that to the extent that the terms of this Ordinance shall be inconsistent with a non-preemptive State law, that this Ordinance shall supersede State law in that regard within its jurisdiction."

Rosemont's home rule powers are derived from article VII, section 6 of the 1970 Illinois Constitution. An ordinance of a home rule

unit shall supersede any conflicting State statute enacted prior to the 1970 Illinois Constitution. (*County of Cook v. John Sexton Contractors Co.* (1979), 75 Ill. 2d 494, 389 N.E.2d 553.) The grant of power to the home rule units is broad and imprecise to allow for greater flexibility. *City of Evanston v. Create, Inc.* (1981), 85 Ill. 2d 101, 421 N.E.2d 196.

Rosemont is a home rule unit, and the regulation of its police officers is within its home rule power. (See *Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 343 N.E.2d 919.) And residency requirements may be imposed as a condition of employment. (*McCarthy v. Philadelphia Civil Service Com.* (1976), 424 U.S. 645, 47 L. Ed. 2d 366, 96 S. Ct. 1154; *Andre v. Board of Trustees* (7th Cir. 1977), 561 F.2d 48.) At issue here is the extent of the exercise of Rosemont's power and the effect of its ordinances on section 3—14—1 of the Illinois Municipal Code.

The parties here have stipulated that Rosemont has not enacted an ordinance allowing officers to live outside the corporate limits. Defendants also maintain that section 3—14—1 is not superseded, or is only superseded in part, since the Rosemont ordinance does not conflict with the second paragraph of section 3—14—1.

■■ Rosemont has not expressly allowed its officers to reside outside the municipality and the adoption of its ordinance in 1975 does not impliedly supersede all of section 3—14—1. We have not found any authority which requires a finding that an ordinance which supersedes part of a statute necessarily supersedes the entire statute. A reading of section 8 of Ordinance 75—9—17A clearly demonstrates Rosemont's intent. Section 3—14—1 is superseded only insofar as it conflicts with the preemployment requirements for municipal office. Rosemont has not exercised its full power as a home rule unit, and in the absence of its exercise of its constitutional power the State statute shall govern.

■■ We agree with defendants that the trial court erred in its construction of 3—14—1. The court found that the statutory language referring to "eligible" persons established preemployment qualifications but did not establish a residency requirement.

The rules of statutory construction direct the court to determine and give effect to the intent of the legislature. Words are given their plain and ordinary meaning. (*Village of Schaumburg of Franberg* (1981), 99 Ill. App. 3d 1, 424 N.E.2d 1239.) The construction of the statute should not render any of the provisions superfluous or redundant. (*Board of Trustees v. Human Rights Com.* (1981), 88 Ill. 2d 22, 429 N.E.2d 1207.) Where more than one construction is apparent, the

court will choose that which leads to a logical result and avoid a construction which leads to an absurd result. *People v. Sansone* (1981), 94 Ill. App. 3d 271, 418 N.E.2d 862; *Board of Education v. Community High School District No. 211* (1967), 89 Ill. App. 2d 481, 232 N.E.2d 316.

The trial court's construction of section 3—14—1 violates these rules. Accepting its construction, the statute has the absurd result of requiring potential officers to reside within a municipality until they are hired and then allowing them to move immediately after they are hired. Furthermore, the legislature's intent to impose a continued residency requirement is evidenced from the second paragraph allowing certain municipalities to exempt their officers from the requirement "both at the time of the appointment and while serving." The trial court's construction renders the second paragraph of section 3—14—1 meaningless. We hold that section 3—14—1 imposes a residency requirement which applied to plaintiff during his service as a Rosemont officer.

Plaintiff maintains, however, that if a residency requirement applies, defendants are estopped from enforcing it because they did not enforce the preemployment residency requirements.

■ Equitable estoppel may be asserted against a municipality. (*Stahelin v. Board of Education* (1967), 87 Ill. App. 2d 28, 230 N.E.2d 465.) The municipality must take some affirmative action such that it would be unjust to permit it to deny what it had done. (*Eertmoed v. City of Pekin* (1980), 83 Ill. App. 3d 362, 404 N.E.2d 942.) The affirmative act on which plaintiff relies here is defendants' failure to enforce the requirements of section 3—14—1 and the village ordinances when plaintiff was hired.

In 1972, prior to plaintiff's employment, the Rosemont Board of Police and Fire Commissioners adopted a rule pursuant to Ordinance 72—2—16. The rule allowed probationary policemen a 60-day grace period after the completion of the probationary period during which time they had to establish a residence in Rosemont. As we have found, by its adoption of preemployment requirements in conflict with those of section 3—14—1, Rosemont has partially superseded the statute. For estoppel to apply, defendants must have ignored the Rosemont ordinances and rules.

Plaintiff resided in Chicago when he sought employment as an officer in Rosemont. Seven months after he was hired, during his probationary period, plaintiff moved to Rosemont. Since plaintiff complied with the rule, Rosemont did not ignore its residency requirement in hiring him. Consequently, plaintiff's estoppel argument must fail.

Plaintiff also contends that the statute, ordinances and rules are conflicting in nature and void for vagueness. The Rosemont ordinances conflict with section 3—14—1 only with respect to the time an officer must become a resident. In addition to 3—14—1, each of the ordinances noted that continued residence was required. Section 3—14—1 is not so vague or indefinite that persons of common intelligence must guess at its meaning. (*Fagiano v. Police Board* (1983), 98 Ill. 2d 277.) Plaintiff's due process rights have not been denied.

Because of our holding that the board's dismissal of plaintiff was proper, we need not consider plaintiff's cross-appeal that setoffs charged against his back pay award were improper.

For the reasons stated, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

McGILLICUDDY and WHITE, JJ., concur.