THOMAS A. RIGNEY, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

First District (3rd Division)   No. 84—1278

Opinion filed July 31, 1985.—Rehearing denied September 16, 1985.

894

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellant.

Jenner & Block, of Chicago (Russell J. Hoover, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Thomas Rigney, brought this action for administrative review of a decision by defendant, Secretary of State, which denied plaintiff's petition to rescind the suspension of his driver's license. The trial court set aside defendant's decision and ordered him to rescind the suspension order. On appeal, defendant contends that acceptance of plaintiff's plea of *nolo contendere* by a Georgia court to a charge of driving while under the influence of alcohol (DUI) is grounds for the suspension of plaintiff's Illinois driver's license.

Plaintiff, an Illinois licensed driver, was charged in the State of Georgia with operating a motor vehicle while under the influence of alcohol on May 7, 1982. The Georgia traffic citation reported that plaintiff's breath test resulted in a finding of .13% of blood alcohol content. Plaintiff was advised by his Georgia attorney that Georgia allowed first offenders in DUI cases to offer a plea of *nolo contendere*. Plaintiff was further informed that acceptance of such a plea under the circumstances would not result in a conviction on the charge nor a suspension or revocation of his driver's license, and did not constitute an admission of guilt under Georgia law. On July 20, 1982, plaintiff entered his *nolo contendere* plea, and the plea was accepted by the municipal court of Peachtree, Georgia. Plaintiff was fined $400 and given a 60-day suspended jail term. Subsequently, Georgia notified defendant of plaintiff's offense and the court disposition, pursuant to the Driver License Compact. Ill. Rev. Stat. 1981, ch. 95½, par. 6—702.

On August 28, 1982, plaintiff received a notice of suspension from defendant, which advised plaintiff that his Illinois driver's license would be suspended for one year, effective September 1, 1982. The suspension order was based on plaintiff's "having been convicted outside the State of Illinois for the offense of operating a motor vehicle while under the influence of an intoxicant." Plaintiff made a timely request for a hearing to rescind defendant's order of suspension, and also filed a complaint for administrative review and other relief in the trial court. On September 2, 1982, the trial court stayed the suspension order pending a final order by defendant in an administrative hearing.

The hearing was conducted before defendant's hearing officer on October 27, 1982. Defendant offered in evidence plaintiff's request for a hearing, the notice setting the hearing, and defendant's abstract of plaintiff's driving record. Plaintiff introduced the affidavit of his Georgia attorney regarding the advice about the effect of a *nolo contendere* plea. Plaintiff also introduced the affidavit of a Georgia municipal court judge stating that under Georgia law an accepted plea of *nolo contendere* did not constitute a conviction and would not result in suspen-

sion or revocation of a first offender's driver's license.

On November 17, 1982, plaintiff's petition to rescind defendant's order of suspension was denied. Defendant's hearing officer found that "petitioner was convicted of driving under the influence of alcohol by the State of Georgia and such conviction was reported by the State of Georgia and properly entered by the Secretary of State of the State of Illinois on the petitioner's Illinois driving record."

Thereafter, plaintiff filed an amended complaint in the trial court alleging that defendant failed to support his findings with evidence presented at the hearing and failed to prove a "conviction" warranting the license suspension. As an answer, defendant submitted a certified copy of the administrative hearing file. Included within the file was a copy of the Georgia traffic citation and court disposition, which was not introduced into evidence. On April 23, 1984, the trial court set aside defendant's order denying plaintiff's petition to rescind the order of suspension. The trial court also reinstated plaintiff's driving privileges.

Defendant contends that plaintiff was convicted in Georgia of driving while under the influence of alcohol and that such conviction is grounds for suspending plaintiff's Illinois driver's license, pursuant to the Illinois Driver Licensing Law (Ill. Rev. Stat. 1981, ch. 95½, par. 6—100 et seq.). Section 6—206(a)(6) of the Illinois Driver Licensing Law provides:

> "The Secretary of State is authorized to suspend or revoke the license *** of any person without preliminary hearing upon a showing by his records or other sufficient evidence that such person:
>
> * * *
>
> (6) Has been lawfully convicted of an offense in another State which if committed within this State would be grounds for suspension or revocation."

In Illinois, conviction of driving while under the influence of alcohol results in mandatory one-year revocation of the offender's license. (Ill. Rev. Stat. 1981, ch. 95½, par. 6—205(a)(2).) For the purposes of the Act, conviction means "a final adjudication of guilty by a court of competent jurisdiction either after a bench trial, trial by jury, plea of guilty, order of forfeiture, or default." Ill. Rev. Stat. 1981, ch. 95½, par. 6—100.

The Act is also subject to the Driver License Compact (Ill. Rev. Stat. 1981, ch. 95½, pars. 6—700 to 6—708), which requires the State's licensing authority to report each conviction of a person from another State occurring within its jurisdiction to the licensing authority of the licensee's home State. (Ill. Rev. Stat. 1981, ch. 95½, par. 6—702.) Pur-

suant to section 6—703, the effect of an out-of-State conviction is as follows:

> "The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported *** as it would if such conduct had occurred in the home state, in the case of convictions for:
>
> ***
>
> (2) Driving a motor vehicle while under the influence of intoxicating liquor ***." Ill. Rev. Stat. 1981, ch. 95½, par. 6—703(a)(2).

For purposes of the Driver License Compact, "conviction" is defined as "conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law *** or a forfeiture of bail, bond, or other security ***, and which conviction or forfeiture is required to be reported to the licensing authority." Ill. Rev. Stat. 1981, ch. 95½, par. 6—700(c).

Plaintiff maintains that an accepted plea of *nolo contendere* in Georgia does not constitute a conviction and does not warrant the suspension of his Illinois driver's license. The relevant Georgia statute provides that for a first offender "an accepted plea of nolo contendere to a charge of driving under the influence of alcohol or drugs shall not constitute a conviction." (Ga. Code Ann. sec. 40—5—63 (1982).) Generally, Georgia law provides that a plea of *nolo contendere* shall not be used against the defendant for any purpose including any "civil disqualification imposed upon a person convicted of any offense under the laws of this state." (Ga. Code Ann. sec. 17—7—95 (1982); see *Forston v. Hopper* (1978), 242 Ga. 81, 247 S.E.2d 875.) The issue is whether the Georgia plea and resulting judgment constitute a conviction for the purpose of the relevant Illinois statutes, where Illinois makes no reference to the effect of a *nolo contendere* plea in another jurisdiction.

■■ In construing statutory provisions, this court is required to determine and give effect to the intent of the legislature. (*Budka v. Board of Public Safety Commissioners* (1983), 120 Ill. App. 3d 348, 458 N.E.2d 126.) Legislative intent is to be ascertained not only from the language used but also from the reasons for the enactment and the purposes to be attained (*Board of Trustees v. Taylor* (1983), 114 Ill. App. 3d 318, 448 N.E.2d 1171), as well as the probable consequences of a proposed construction. *Miceli v. Lavelle* (1983), 114 Ill. App. 3d 311, 448 N.E.2d 989.

■ The Driver License Compact clearly expresses the legislative intent to discipline Illinois licensed drivers for conduct occurring in an-

other State. It is this State's policy to enforce over-all compliance with motor vehicle laws to promote public safety. (Ill. Rev. Stat. 1981, ch. 95½, pars. 6—701(a), (b).) The Driver License Compact gives defendant authority to treat the out-of-State conduct of an Illinois licensed driver as if it occurred in Illinois. Although plaintiff was able to plead *nolo contendere* and thereby avail himself of first offender treatment under Georgia law, the effect of the Georgia plea does not transfer to Illinois. Georgia does not regulate Illinois licensed drivers. The Illinois statute entrusts defendant with exclusive authority to regulate driver's licenses of Illinois residents. Furthermore, Georgia authorities administratively processed plaintiff's judgment upon a *nolo contendere* plea as a conviction. (See 1982 Att'y Gen. Ga. Op. 82—64.) Georgia also reported plaintiff's conviction of the traffic violation to defendant as it would report any other conviction. Once the conviction was reported, defendant properly gave the "same effect to the conduct reported *** as it would if such conduct had occurred in the home state [Illinois]." Ill. Rev. Stat. 1981, ch. 95½, par. 6—703(a).

Upon determination of the legislative intent to regulate the conduct of Illinois licensed drivers, we find that the Georgia judgment upon a plea of *nolo contendere* to a DUI charge constitutes a conviction for purposes of the Driver License Compact. We note that the relevant sections of the Illinois Driver Licensing Law are subject to the Driver License Compact. (Ill. Rev. Stat. 1981, ch. 95½, pars. 6—205(d), 6—206(d).) We reject plaintiff's contention that this construction is contrary to the reciprocity provisions and policy considerations of the Driver License Compact. Plaintiff argues that the order of supervision in Illinois is similar to a Georgia plea of *nolo contendere*. In Illinois, upon successful completion of the supervision period, the charges are dismissed and there is no record of the conviction. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—6—3.1(d), (e).) In Georgia, however, when judgment is entered upon a plea of *nolo contendere* a conviction is recorded, but the statute negates the effect of the first conviction. (Ga. Code Ann. sec. 40—5—63(a) (1982).) Therefore, Illinois and Georgia do not have similar policies with respect to first offenders on DUI charges, and there is no basis for reciprocity.

We likewise reject plaintiff's argument that the defendant's decision was contrary to the manifest weight of the evidence and based on information outside the administrative record.

■ Upon administrative review, the function of both the trial court and the appellate court is limited to determining whether the findings and conclusions of the administrative agency are against the manifest weight of the evidence. (*Eastman Kodak Co. v. Fair Employ-*

*ment Practices Com.* (1981), 86 Ill. 2d 60, 426 N.E.2d 877.) Section 3—110 of the Code of Civil Procedure provides that "[t]he findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." (Ill. Rev. Stat. 1981, ch. 110, par. 3—110.) The findings of the administrative agency, however, must rest upon competent evidence and be supported by substantial proof *(Murdy v. Edgar* (1983), 117 Ill. App. 3d 1091, 454 N.E.2d 819, *aff'd* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085), and an agency may not consider a matter which is not in the record. *Metropolitan Sanitary District v. Pollution Control Board* (1975), 62 Ill. 2d 38, 338 N.E.2d 392.

█ Our examination of the record reveals that defendant's decision was supported by competent and substantial evidence. At the hearing, plaintiff's letter requesting a hearing was admitted into evidence without objection. In the letter, plaintiff admitted that he had a DUI charge in Georgia and that the Georgia court accepted his plea of *nolo contendere* to the charge. Also admitted into evidence was defendant's abstract of plaintiff's driving record which showed the date of his Georgia arrest, court disposition, report of conviction to Illinois and order of suspension. Plaintiff does not dispute the charges against him, but asserts that defendant's hearing officer erroneously entered findings based upon the Georgia traffic citation which was not admitted into evidence at the hearing. There was no evidence presented to support the findings of the results of plaintiff's breath test or the amount of plaintiff's fine and length of suspended sentence. Even assuming that defendant erroneously considered the Georgia traffic citation and based findings upon it, this technical error does not require reversal where it did not materially affect the rights of the plaintiff nor result in substantial prejudice to him. (Ill. Rev. Stat. 1981, ch. 110, par. 3—111(b); see *Aluminum Coil Anodizing Corp. v. Pollution Control Board* (1976), 40 Ill. App. 3d 785, 351 N.E.2d 612.) Plaintiff knew the nature of the charges against him and the reasons for his license suspension as demonstrated by his hearing request. Moreover, the information contained in the Georgia traffic citation was not concealed from plaintiff. Plaintiff himself appended a copy of the citation to his complaint and amended complaint in the trial court. Notwithstanding the failure to introduce the Georgia traffic citation into evidence, the evidence in the administrative record amply supports the finding that plaintiff was convicted of driving while under the influence of alcohol in Georgia and that such conviction was properly reported to Illinois. Additionally, in view of the fact that plaintiff presented no evidence that he had not committed the Georgia offense, defendant's order of suspension was not contrary to the manifest weight of the evidence.

■ Nor was plaintiff denied his right to due process by the failure to offer the traffic citation as evidence at the administrative hearing. The essence of procedural due process is notice and an opportunity to be heard. (*Munoz v. Department of Registration & Education* (1981), 101 Ill. App. 3d 827, 428 N.E.2d 1137.) Plaintiff knew the nature of the charges against him and was given the opportunity to defend himself. There was no unfair surprise. The only evidence he offered in rebuttal were the affidavits of the Georgia authorities. Plaintiff made no attempt to deny that he was charged with DUI and that the Georgia court entered judgment against him. Further, defendant met his burden of showing "good cause" to suspend plaintiff's license and did not impermissibly shift that burden to plaintiff.

■ Finally, we reject plaintiff's argument that defendant must give effect to the *nolo contendere* provision of Georgia law, pursuant to the full faith and credit clause of the United States Constitution. (U.S. Const., art. IV, sec. 1.) The full faith and credit clause "does not require a State to subordinate its public policy with respect to persons and their actions within its borders to the laws of any other State, where the enforcement of the right conferred elsewhere would be obnoxious to the public policy of the forum." (*Biddy v. Blue Bird Air Service* (1940), 374 Ill. 506, 514-15, 30 N.E.2d 14.) The policy of Illinois with respect to drunk drivers is expressed in the statute requiring a mandatory one-year driver's license revocation. (Ill. Rev. Stat. 1981, ch. 95½, par. 6—205(a)(2).) The interest of Illinois in regulating the conduct of its licensed drivers is clearly paramount to the Georgia interest. Plaintiff resides in Illinois and the risk caused by plaintiff's driving substantially concerns Illinois residents. To require defendant to apply more lenient Georgia statutes to plaintiff's offense would be contrary to the public policy of Illinois. It would also be contrary to the sound policies of the Driver License Compact. We conclude that the trial court erred in setting aside defendant's decision to suspend plaintiff's driver's license.

For the foregoing reasons, the judgment of the circuit court of Cook County setting aside defendant's decision to suspend plaintiff's driver's license and reinstating plaintiff's driving privileges is reversed.

Judgment reversed.

WHITE, P.J., and RIZZI, J., concur.