STANLEY P. GERDES, Plaintiff-Appellant, v. JIM EDGAR, Secretary of State, Defendant-Appellee.

Fourth District   No. 4—86—0078

Opinion filed October 28, 1986.

Gerald P. Rodeen, of Dilks, Rodeen & Gibson, Ltd., of Paxton, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

Plaintiff Stanley P. Gerdes filed a complaint for preliminary and permanent injunctive relief against defendant Secretary of State seeking to prevent revocation of the plaintiff's Illinois driver's license under section 6—206(a)(6) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—206(a)(6)). Plaintiff alleged that he had pleaded *nolo contendere* in Fulton County, Georgia, to the offense of driving under the influence of liquor in violation of section 40—6—391 of the Official Code of Georgia Annotated (Ga. Code Ann. sec. 40—6—391 (1983)). Plaintiff further alleged that the Secretary of State could not properly consider this *nolo* plea a "conviction" for purposes of revoking plaintiff's Illinois driver's license because the *nolo* plea did not result in a "conviction" under Georgia law.

The State moved to dismiss the complaint pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)). In granting the State's motion to dismiss, the trial court indicated that the Georgia driving-under-the-influence (DUI) statute did not result in a "conviction," likening the procedure used in the instant case to Illinois' court-supervision procedure (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—6—3.1(e), (f)). However, the circuit court believed itself bound by the appellate court decision in *Rigney v. Edgar* (1985), 135 Ill. App. 3d 893, 482 N.E.2d 367, and granted the Secretary of State's motion to dismiss. We affirm.

Section 6—206(a)(6) of the Illinois Vehicle Code permits the Secretary of State to suspend or revoke a driver's license upon proof that the driver "[h]as been lawfully convicted of an offense in another State which if committed within this State would be grounds for suspension or revocation." Ill. Rev. Stat. 1983, ch. 95½, par. 6—206(a)(6).

Section 40—5—70(b)(1)(A) of the Official Code of Georgia Annotated provides:

"(A) Upon the first conviction, with no conviction of and no

plea of nolo contendere accepted to a charge of violating Code Section 40—6—391 within the previous five years, the period of suspension shall be for one year. *** For the purposes of this subparagraph only, an accepted plea of nolo contendere with no conviction of and no plea of nolo contendere accepted to a charge of violating Code Section 40—6—391 within the previous five years, shall not be considered a conviction; however, the court having jurisdiction shall forward, as provided in Code Section 40—6—391.1, the record of such disposition of the case to the Department of Public Safety and the record of such disposition shall be kept on file for the purpose of considering and counting such accepted plea of nolo contendere as a conviction under subparagraphs (B) and (C) of this paragraph." (Ga. Code Ann. sec. 40—5—70(b)(1)(A) (1983).)

Plaintiff strongly urges that the above-quoted language means that he was not "convicted" of driving under the influence under the laws of the State of Georgia. Consequently, plaintiff continues, the Illinois Secretary of State may not revoke his Illinois driver's license based upon a *nolo contendere* plea entered in Georgia.

■ In general, a plea of *nolo contendere* acts as a guilty plea within the case to which the plea is entered. However, the defendant may still deny the facts underlying his *nolo* plea in a subsequent or collateral civil proceeding. (21 Am. Jur. 2d *Criminal Law* sec. 49, at 828 (1981).) Nevertheless, Illinois courts have long recognized that a conviction results from a *nolo contendere* plea, just as with a guilty plea. Thus, the simple fact of conviction may be used against a defendant in a variety of collateral or civil contexts. (*In re Revzan* (1965), 33 Ill. 2d 197, 210 N.E.2d 519; *In re Eaton* (1958), 14 Ill. 2d 338, 152 N.E.2d 850; *Gordon v. Department of Registration & Education* (1970), 130 Ill. App. 2d 435, 264 N.E.2d 792.) Although courts may restrict use of any implied admission of the underlying facts following a *nolo contendere* plea, it is clear that a defendant does not avoid "conviction" simply by pleading *nolo contendere* rather than guilty.

■ We do not believe that the Georgia statute at issue requires a contrary result. Subparagraph 40—5—70(b)(1)(A) of the Official Code of Georgia Annotated does, as plaintiff suggests, provide that no conviction results when an adult pleads *nolo contendere* to a DUI charge if that person has no other DUI offenses within the previous five years. However, the statute specifies that the procedure does not result in a "conviction," but only "[f]or the purposes of this subparagraph." The subparagraph from which we have quoted seeks

only to define the conditions under which a driver's Georgia license shall be suspended. Significantly, the Georgia statute, in an earlier subsection, defines "conviction" as:

"[A] forfeiture of bail or other collateral deposited to secure a defendant's appearance in court; the imposition of a fine or imprisonment, regardless of whether such fine or imprisonment is suspended, probated, stayed, or rebated; a plea of guilty; a finding of guilt; *or a plea of nolo contendere.*" (Emphasis added.) (Ga. Code Ann. sec. 40—5—68(2) (1983).)

Reading in context the language upon which defendant bases his argument, we see no indication that the Georgia legislature intended to dictate the consequences of an out-of-State driver's *nolo contendere* plea to driving under the influence in the State of Georgia. See also *Rigney v. Edgar* (1985), 135 Ill. App. 3d 893, 482 N.E.2d 367.

We likewise reject the circuit court's suggestion that the Georgia statute at issue here is similar to the Illinois court-supervision proceeding. When a defendant in Illinois receives court supervision, he is never convicted of a crime. (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—6—3.1(e), (f).) By contrast, Georgia provides that a plea of *nolo contendere* results in a conviction, with limited exceptions. One such exception is determining whether a driver's Georgia driving privileges shall be suspended.

We conclude that the circuit court correctly dismissed the plaintiff's complaint for injunctive relief and that the Secretary of State has authority to suspend the plaintiff's Illinois driving privileges based upon his Georgia DUI offense.

Affirmed.

GREEN and SPITZ, JJ., concur.