ROBIN A. TRETTENERO, Plaintiff-Appellant, v. THE CIVIL SERVICE COMMISSION OF THE CITY OF AURORA *et al.*, Defendants-Appellees.

Second District   No. 2—91—0245

Opinion filed November 6, 1991.

Thomas F. McGuire and John H. Kelly, both of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

Paul L. Greviskes, of Batavia, for appellee Civil Service Commission of City of Aurora.

Michael Weinstein, City Attorney, of Aurora, for other appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Robin A. Trettenero, appeals from the judgment of the circuit court of Kane County which, on administrative review, affirmed the decision of defendant, the Civil Service Commission of the City of Aurora (Commission), to deny her a hearing regarding a suspension without pay. The sole issue raised by plaintiff on appeal is whether the decision of the Commission denying her request for a hearing was arbitrary and unreasonable. We affirm.

Plaintiff filed her complaint for administrative review on August 23, 1990. She named the Commission, the five individual members of the Commission and Robert C. Wadman, chief of police of the Aurora police department, as defendants. We note here that Wadman was separately represented in the trial court and has also filed a separate brief on appeal. However, his arguments are essentially the same as the arguments raised by the other defendants, and, for purposes of this appeal, we shall refer to Wadman and the other defendants collectively as "defendants."

Plaintiff alleged in her complaint that she was a member of the Aurora police department. On May 17, 1990, Wadman issued an order suspending her for a period of three days. Plaintiff appealed this suspension to the Commission on May 18, 1990. On July 23, 1990, the Commission denied plaintiff a hearing regarding the suspension. Plaintiff sought an order directing the Commission to provide her with a hearing to review the three-day suspension.

Defendants filed two motions to dismiss plaintiff's complaint. In the motions, defendants alleged that the City of Aurora, a home rule unit, and the Association of Professional Police Officers, Inc., entered into a collective bargaining agreement (labor agreement) on June 7, 1988, which covered all patrol officers in the Aurora police department. They also alleged that plaintiff was covered by the labor agreement, that the labor agreement contained a grievance procedure for contesting suspensions and that plaintiff did, in fact, contest the suspension imposed through the grievance procedure. On June 8, 1990, plaintiff's three-day suspension was reduced to a one-day suspension by Wadman following a hearing pursuant to the grievance procedure. Defendants attached to their motions a copy of the labor agreement, including the provisions setting out the grievance procedure, and the documents showing that plaintiff pursued the grievance procedure. Defendants argued that plaintiff's complaint should be dismissed because plaintiff's sole remedy was the grievance procedure included in the labor agreement.

Defendants later filed a reply to plaintiff's response to their motions to dismiss and attached a copy of the relevant provisions of the Aurora Code of Ordinances. Defendants also filed an answer to the complaint which consisted of the transcript of the July 19, 1990, meeting of the Commission and the minutes of that meeting. The transcript and minutes show that one of the reasons given by the Commission for determining that plaintiff was not entitled to a hearing was that an ordinance of the City of Aurora clearly stated that her remedy was through the labor agreement.

Following a hearing, the trial court denied defendants' motions to dismiss. Another hearing was held regarding the merits of plaintiff's complaint. At that hearing, plaintiff's attorney stated that plaintiff had no objection to the documents presented to the court by defendants. The court later affirmed the decision of the Commission, finding that the decision "was contrary to neither the law nor the evidence." This timely appeal followed.

Plaintiff argues on appeal that the ruling of the trial court should be reversed because she was entitled to a hearing before the Commission under the provisions of section 10—1—18(b) of the Illinois Municipal Code (Municipal Code) (Ill. Rev. Stat. 1989, ch. 24, par. 10—1—18(b)). She contends that this right could not be altered by the local rules of the Commission or by the labor agreement.

■■ There is no dispute that the City of Aurora is a home rule unit. There is also no dispute that the City of Aurora has adopted and is operating under division 1 of article 10 of the Municipal Code (Ill. Rev. Stat. 1989, ch. 24, pars. 10—1—1 through 10—1—48), which provides for a civil service system in municipalities. Section 10—1—18 of the Municipal Code was amended, effective January 1, 1988, to state, in pertinent part:

> "Nothing in this Division 1 limits the power of the chief officer of a police or fire department to suspend a subordinate for a reasonable period, not exceeding 5 calendar days, provided the civil service commission is promptly notified thereof in writing. Any employee or officer so suspended shall be entitled, upon request, to a hearing before the civil service commission concerning the propriety of such suspension." Ill. Rev. Stat. 1989, ch. 24, par. 10—1—18(b).

As previously noted, plaintiff claims that this statute clearly entitles her to a hearing before the Commission even though she also had a remedy through the grievance procedure contained in the labor agreement. We note that plaintiff has not argued that the grievance

procedure was in any way inadequate but only that, under the statute, she is also entitled to a hearing before the Commission.

Defendants argue, however, that a home rule unit has the authority to limit the protections prescribed in division 1 of article 10 of the Municipal Code and that the City of Aurora has done so by a properly enacted ordinance. We agree with defendants and conclude that this argument is dispositive. Inexplicably, plaintiff has never addressed this argument although it was raised by defendants in the trial court and again on appeal.

■ It is well established that a municipality which has adopted the optional civil service system provided for in article 10, division 1, of the Municipal Code may, as a valid exercise of its home rule authority, unilaterally alter or amend one of its terms. (*City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 365; *Peters v. City of Springfield* (1974), 57 Ill. 2d 142, 147-49; see also *Dineen v. City of Chicago* (1988), 125 Ill. 2d 248, 257.) The court in *City of Decatur* recognized that a home rule unit could, if it chose, eliminate features of the civil service system. *City of Decatur*, 122 Ill. 2d at 366.

Section 33—53 of the ordinances of the City of Aurora (Aurora, Ill., Municipal Code §33—53 (Supp. Oct. 1990)) sets out the required procedures for the removal of classified civil service officers or employees of the City of Aurora and for the suspension of such officers or employees for a period of more than 30 days. The section also provides for the right to a hearing before the Commission for an employee or officer suspended for more than seven days or suspended within six months after a previous suspension.

Section 33—54 of the ordinances of the City of Aurora provides, in relevant part:

"Section 33—53 shall not apply to any officer or employee in the classified civil service whose position is covered by a labor agreement the effective date of which is subsequent to January 1, 1987, in which case an appeal of a removal, discharge or suspension shall be had solely through the grievance procedure established in the relevant labor agreement." Aurora, Ill., Municipal Code, §33—54 (Supp. Oct. 1990).

■ By enacting sections 33—53 and 33—54, the City of Aurora has provided its own system for determining when classified civil service officers and employees are entitled to a hearing before the Commission regarding a suspension or discharge. This system specifically provides that no hearing before the Commission is required when the officer or employee is covered by a labor agreement with an effective

date after January 1, 1987, which establishes a grievance procedure. That is the precise situation here. As noted, plaintiff has not advanced any argument contesting the validity of this ordinance.

We note that the City of Aurora's system does not provide for a hearing for an officer or employee who is suspended for seven days or less and who is not covered by a labor agreement. We do not need to determine whether this limitation makes the system inadequate, however, because that question is not before us. Here, plaintiff was covered by a labor agreement which established a grievance procedure and, in fact, pursued the grievance procedure. Under the city's ordinance, the grievance procedure was plaintiff's sole remedy.

For the foregoing reasons, we agree that the Commission properly denied plaintiff's request for a hearing, and we affirm the judgment of the circuit court of Kane County.

Affirmed.

BOWMAN and NICKELS, JJ., concur.