(No. 90850.—

SCHILLERSTROM HOMES, INC., Appellant, v. THE CITY OF NAPERVILLE, Appellee.

*Opinion filed December 20, 2001.*

The Law Office of Robert J. Schillerstrom, Ltd., of Naperville (Robert J. Schillerstrom, John Raymond Wieser and William R. Thomas, of counsel), for appellant.

Michael M. Roth, of Wildman, Harrold, Allen & Dixon, of Lisle, and Thomas A. Thanas, Paul L. Stephanides and Patricia J. Lord, of Naperville, for appellee.

JUSTICE FITZGERALD delivered the opinion of the court:

The plaintiff, Schillerstrom Homes, Inc., a suburban real estate development company, filed a complaint against the defendant, the City of Naperville, alleging that the City willfully failed to approve the plaintiff's final subdivision plat within a 60-day period as required by section 11—12—8 of the Illinois Municipal Code. See

65 ILCS 5/11—12—8 (West 1998). The plaintiff sought summary judgment and damages as provided by section 11—12—8, as well as a writ of *mandamus*, directing the City to approve and record the plat. The City filed a motion to dismiss the plaintiff's complaint. The Du Page County circuit court granted partial summary judgment to the plaintiff, and the appellate court reversed. No. 2—99—1258 (unpublished order under Supreme Court Rule 23).

The central issue in this case is whether a state statute which provides for a damage remedy is superseded by a similar home rule ordinance which does not provide any remedy. We reverse the appellate court, affirm the circuit court, and remand for further proceedings.

## BACKGROUND

In 1997, the plaintiff purchased a piece of residential property in the City of Naperville. The plaintiff planned to raze a house on the property, subdivide the property into two lots, and construct a new house on each lot. Between January 1997 and May 1999, the plaintiff met with City officials and took various steps toward obtaining approval of its plat. The plaintiff submitted its final subdivision plat and supporting documents to City planners, and a month later, the planners recommended that the city council approve the plat. On June 15, 1999, the city council considered and rejected the plat, then recessed its meeting. After the plaintiff's representatives left the meeting, the city council reconvened to reconsider the plaintiff's plat. The city council voted to table reconsideration of the plat until its July 20, 1999, meeting. On July 20, the city council voted again to table reconsideration of the plat until its August 17, 1999, meeting. On August 9, 1999, the plaintiff notified the City that it would file suit if the City failed to act on the plat within five days. The City did nothing, and on

August 17, 1999, the plaintiff filed a three-count complaint against the City.[1]

In its complaint, the plaintiff described its efforts to obtain plat approval, as well as delays in the approval process attributable to the City. The plaintiff's first count sought a "judgment of mandamus" directing the city council to approve and record the plat. The plaintiff's second count sought summary judgment under section 11—12—8 of the Illinois Municipal Code (65 ILCS 5/11—12—8 (West 1998)), and its third count sought damages under section 11—12—8 for the City's purportedly wilful failure to approve the plat. In its third count, the plaintiff alleged that the City adopted Ordinance 99—112 on July 6, 1999, which amended its municipal code to establish minimum lot sizes larger than those proposed by the plaintiff's plat.

The City filed a motion to dismiss. The City asserted that the plaintiff's complaint should be dismissed because the 60-day period for approval had not run because the plaintiff failed to submit a "requested site plan" for the plat. The City also asserted that the plaintiff's complaint should be dismissed because the City took action on the plat at its August 17, 1999, meeting. The unapproved minutes of this meeting, attached to the City's motion to dismiss, show that the City denied plat approval "because the proposal does not meet the criteria of the Comprehensive Plan to limit single-family density to 2.5 units per acre, because the petitioner did not provided [sic] information on the proposed homes which might have added validity to the petition, and because the subdivision did not meet the criteria of Ordinance 99—112." The City finally asserted that counts II and III of the plaintiff's complaint should be dismissed because section 7—2—5:6

---

[1]Du Page County Recorder J.P. Carney was originally named as a defendant, but the plaintiff agreed to dismiss its claims against Carney after the City filed its notice of appeal.

of the Naperville Municipal Code, a valid exercise of the City's home rule powers, preempts section 11—12—8 of the Illinois Municipal Code.

In a written order, the trial court denied the City's motion. The trial court specifically found:

"A) Plaintiff provided Defendant with all Required Documents pursuant to Naperville Ordinances as of June 10, 1999 and that Documents requested by Naperville after June 10, 1999 were not required under the Applicable Zoning Ordinances.

B) That Plaintiff provided Defendant with Proper Five (5) day Notice Pursuant to Applicable State Statutes and that Naperville Failed to Act upon the Subdivision Application prior to the expiration of the Five (5) day Period.

C) That Plaintiff Filed Suit in this Cause at or about 12:12pm on August 17, 1999 and by so doing divested Naperville of the Jurisdiction to rule on the Subdivision Application and therefore the City of Naperville's Denial of the Subdivision Application on the evening of August 17, 1999 Is a Nullity because under the terms of the State Statute the City lost Jurisdiction."

On October 6, 1999, the trial court heard the plaintiff's motion for summary judgment. The court again found that as of June 10, 1999, the plaintiff had supplied the City with all documents in support of the plat which were required by municipal ordinances. The court also found that City authorities failed to act upon the plat within 60 days and that the plaintiff gave five days' written notice to the City before filing suit. The court granted summary judgment to the plaintiff on the 60-day and five-day requirements, reserved ruling on the issues of wilfulness and damages, and ordered the Du Page County recorder to record the plaintiff's plat. The court included Rule 304(a) language in its order, and the City appealed.

The appellate court held that the trial court erred in granting summary judgment to the plaintiff under section 11—12—8 of the Illinois Municipal Code. The appellate court stated that the General Assembly, in section

11—12—8, expressed no intention to preempt or exclude home rule over subdivision plat approval:

"Nothing prevented the City from enacting and following its own ordinance to govern the processing of applications for permission to subdivide or resubdivide property, even if those ordinances conflict with section 11—12—8 of the Municipal Code. Whether the City acted correctly under its ordinances is not at issue in this appeal, as that controversy is still pending in the trial court. We hold only that, because the City Code applies to the exclusion of section [11—12—8], the trial court erred in granting plaintiff any relief on count II of its complaint."

We granted the plaintiff's petition for leave to appeal. See 177 Ill. 2d R. 315.

## ANALYSIS

Summary judgment should be granted if "there is no genuine issue as to any material fact and *** the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1998). Summary judgment can aid in the expeditious disposition of a lawsuit, but it is a drastic measure and should be allowed only "when the right of the moving party is clear and free from doubt." *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). Our standard of review is *de novo. Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001).

Home rule is predicated upon the assumption that problems affecting municipalities and their residents should be met with solutions tailored to local needs. *Kalodimos v. Village of Morton Grove*, 103 Ill. 2d 483, 502 (1984); see 7 Record of Proceedings, Sixth Illinois Constitutional Convention 1605 (hereinafter cited as Proceedings) ("Local governments must be authorized to exercise broad powers and to undertake creative and extensive projects if they are to contribute effectively to solving the immense problems that have been created by the increasing urbanization of our society"). The home rule provisions of the 1970 Illinois Constitution drasti-

cally altered the relationship between our state and local governments, giving municipalities more autonomy to chart the course of their own growth. *Kanellos v. County of Cook*, 53 Ill. 2d 161, 166 (1972); see 21 Ill. Jur. *Municipal Law* § 3:10, at 80 (1995). The essence of home rule power is set forth in section 6(a) of article VII:

> "Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt." Ill. Const. 1970, art. VII, § 6(a).

Section 6(a) confers "the broadest powers possible." *Scadron v. City of Des Plaines*, 153 Ill. 2d 164, 174 (1992); *City of Evanston v. Create, Inc.*, 85 Ill. 2d 101, 107 (1981) (section 6(a) is intentionally imprecise to allow great flexibility in the exercise of home rule power); accord ILCS Ann., 1970 Const., art. VII, § 6, Constitutional Commentary, at 514 (Smith-Hurd 1993); see Ill. Const. 1970, art. VII, § 6(m) ("Powers and functions of home rule units shall be construed liberally").

However, the General Assembly can expressly limit the exercise of home rule power. See Ill. Const. 1970, art. VII, § 6(h) ("The General Assembly may provide specifically by law for the exclusive exercise by the State of any power or function of a home rule unit"); see also 5 ILCS 70/7 (West 2000) (a state statute cannot preempt home rule power unless it contains "specific language" which sets forth such a legislative intent). If the legislature chooses not to act, a local ordinance and a state statute may operate concurrently under article VII, section 6(i):

> "Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive." Ill. Const. 1970, art. VII, § 6(i).

Under section 6(i), home rule units can continue regulat-

ing activities in their communities, even if the State also has regulated such activities. See *County of Cook v. John Sexton Contractors Co.*, 75 Ill. 2d 494, 510-11 (1979). Thus, section 6(i) simply eliminates the implied preemption of home rule power " 'by judicial interpretation of unexpressed legislative intention. [Citation.]' " *Scadron*, 153 Ill. 2d at 186; accord *City of Chicago v. Roman*, 184 Ill. 2d 504, 519-20 (1998); *Village of Bollingbrook v. Citizens Utilities Co. of Illinois*, 158 Ill. 2d 133, 142 (1994); see 7 Proceedings 1645 ("absent such an expression of intent, local governments are left free to complement state activity"). Against this constitutional background, we turn to the city ordinance and the state statute at issue in this case.

The plaintiff contends that the ordinance does not supersede the statute. According to the plaintiff, the ordinance and the statute do not conflict, but operate concurrently.

Section 7—2—5:6 of the Naperville Municipal Code provides:

> "When the petitioner has supplied all drawings, maps and other documents required by the City ordinances to be furnished in support thereof, and if all such material meets City requirements, the City Council shall approve the proposed plat within sixty (60) days from the date of filing application for approval of the final plat or within sixty (60) days from the date of filing the last required document, whichever is later. The applicant and the City Council may mutually agree to extend the sixty (60) day period." Naperville Municipal Code § 7—2—5:6 (1998).

One paragraph of section 11—12—8 of the Illinois Municipal Code is strikingly similar to the ordinance:

> "When a person submitting a plat of subdivision or re-subdivision for final approval has supplied all drawings, maps and other documents required by the municipal ordinances to be furnished in support thereof, and if all such material meets all municipal requirements, the corporate authorities shall approve the proposed plat within 60 days

from the date of filing the last required document or other paper or within 60 days from the date of filing application for final approval of the plat, whichever date is later. The applicant and the corporate authorities may mutually agree to extend the 60 day period." 65 ILCS 5/11—12—8 (West 1998).

However, while the ordinance remains silent about a remedy for violations of its provisions, the statute provides:

"If the corporate authorities fail to act upon the final plat within the time prescribed the applicant may, after giving 5 days written notice to the corporate authorities, file a complaint for summary judgment in the circuit court and upon showing that the corporate authorities have failed to act within the time prescribed the court shall enter an order authorizing the recorder to record the plat as finally submitted without the approval of the corporate authorities. A plat so recorded shall have the same force and effect as though the plat had been approved by the corporate authorities. If the corporate authorities refuse to act upon the final plat within the time prescribed and if their failure to act thereon is wilful, upon such showing and upon proof of damages the municipality shall be liable therefor." 65 ILCS 5/11—12—8 (West 1998).

The City responds that it intentionally omitted the remedy provision of the statute from the ordinance using its home rule power.

This court has formulated a three-part inquiry for evaluating the constitutionality of exercise of home rule power. First, we must determine whether the disputed exercise of local government power falls within section 6(a)—that is, whether the local government's activity is a function pertaining to its government and affairs. *John Sexton Contractors Co.*, 75 Ill. 2d at 508. If so, we must determine whether the General Assembly has preempted the use of home rule powers in this area. *John Sexton Contractors Co.*, 75 Ill. 2d at 508. If not, we then must determine "the proper relationship" between the local

ordinance and the state statute. *John Sexton Contractors Co.*, 75 Ill. 2d at 508.

An ordinance pertains to local government and affairs where it addresses local, rather than state or national, problems. *Citizens Utilities*, 158 Ill. 2d at 138; see *Ampersand, Inc. v. Finley*, 61 Ill. 2d 537, 540-41 (1975); see generally D. Baum, *A Tentative Survey of Illinois Home Rule (Part I): Powers and Limitations*, 1972 U. Ill. L.F. 137, 152-53.

> "Whether a particular problem is of statewide rather than local dimension must be decided not on the basis of a specific formula or listing set forth in the Constitution but with regard for the nature and extent of the problem, the units of government which have the most vital interest in its solution, and the role traditionally played by local and statewide authorities in dealing with it." *Kalodimos*, 103 Ill. 2d at 501.

Municipal development regulations, including the ordinance at issue here, undoubtedly pertain to local affairs. See *Carlson v. Briceland*, 61 Ill. App. 3d 247, 254 (1978) (zoning restrictions pertain to local affairs); *Johnny Bruce Co. v. City of Champaign*, 24 Ill. App. 3d 900, 904 (1974) (the resolution of zoning problems is left to the local exercise of plenary home rule power); accord *Treadway v. City of Rockford*, 24 Ill. 2d 488, 493-94 (1962) (pre-1970 Constitution) ("Zoning lies primarily within the province of the municipality"); *La Salle National Bank of Chicago v. County of Cook*, 12 Ill. 2d 40, 46 (1957) (pre-1970 Constitution) ("It is well established that it is primarily the province of the municipal body to determine the use and purpose to which property may be devoted"); see also *Create, Inc.*, 85 Ill. 2d at 116 (city landlord-tenant ordinance was a proper exercise of home rule power).

Further, section 11—12—8 does not contain specific language to preempt home rule under article VII, section 6(h). As the appellate court here correctly stated: "Noth-

ing in the Municipal Code declares that section 11— 12—8 prevents home rule units from enacting and adhering to their own rules for the approval of subdivision and resubdivision applications." Because the ordinance here pertains to local government affairs, and because the statute does not preempt home rule, we must decide the proper relationship between these concurrent regulations.

As we noted in *Kalodimos*, 103 Ill. 2d at 503, this court has upheld the right of local governments to enact their own solutions to various local problems "in the face of less stringent or conflicting State regulation, following a determination that the State's expression of interest in the subject as evidenced by its statutory scheme did not amount to an express attempt to declare the subject one requiring exclusive State control." See, *e.g.*, *Roman*, 184 Ill. 2d at 520 (city ordinance which provided for a more stringent sentence than state statute for assaults against the elderly was a valid exercise of home rule power).

The case before us, however, presents an opposite problem. Here, municipal law is less restrictive than state law. The ordinance mirrors the timing provision of the statute, but, unlike the statute, does not provide for a damages remedy. The appellate court assumed that the ordinance and the statute conflict, relying upon *Trettenero v. Civil Service Comm'n*, 221 Ill. App. 3d 326 (1991), and *Burgess v. Board of Fire & Police Commissioners*, 209 Ill. App. 3d 821 (1991). *Trettenero* and *Burgess*, however, are inapposite. Those cases address municipal ordinances which provide different remedies from those provided by relevant state statutes, as opposed to no remedy at all.

Our research has revealed only one instructive Illinois case. In *Budka v. Board of Public Safety Commissioners*, 120 Ill. App. 3d 348 (1983), a Rosemont police officer was discharged by the village board of public safety

commissioners because he failed to maintain his residence in the village. At that time, the Illinois Municipal Code provided that a person was not eligible for appointment to a municipal office unless that person had lived in the municipality for one year, though the state statute sanctioned ordinances allowing police officers to live outside the municipality's corporate limits. A Rosemont ordinance provided that applicants for public safety positions must have lived in the village for at least six months. The ordinance also indicated that Rosemont intended to supersede any inconsistent, nonpreemptive state statutes. The officer filed a complaint against the board, contending that the statute was superseded by the ordinance. The trial court found that the village's residency requirement did not apply to the officer, and the board appealed.

The appellate court noted that Rosemont had not expressly allowed officers to live outside the village and the ordinance did not impliedly supersede the entire statute. *Budka*, 120 Ill. App. 3d at 352. The court observed that a reading of the ordinance clearly demonstrated the village's intent to supersede the statute only to the extent it conflicted with the preemployment requirements of the ordinance. *Budka*, 120 Ill. App. 3d at 352. The court stated, "We have not found any authority which requires a finding that an ordinance which supersedes part of a statute necessarily supersedes the entire statute. *** Rosemont has not exercised its full power as a home rule unit, and in the absence of its exercise of its constitutional power the State statute shall govern." *Budka*, 120 Ill. App. 3d at 352. The court concluded that the statute required the officer to reside in the village and upheld his discharge. *Budka*, 120 Ill. App. 3d at 353. Accord *Demick v. City of Joliet*, 135 F. Supp. 2d 921, 929 (N.D. Ill. 2001) ("when [a] local ordinance is silent to an issue addressed in the state statute, the local ordinance may

not necessarily supersede the entire statute"); see also *Provenzano v. City of Des Plaines*, 256 Ill. App. 3d 458, 461 (1993) (upon repeal of a municipal ordinance preemptively governing the mandatory retirement for firefighters, the provisions of the Illinois Municipal Code resumed their effect).

Here, the ordinance likewise remains silent about what happens if the City allows the 60-day approval period to pass without a decision on the plat. The statute simply fills that gap by providing a recourse to stalled developers. The ordinance complements the statute; it does not limit *sub silencio* statutory remedies. *Cf. United Citizens of Chicago & Illinois v. Coalition to Let the People Decide in 1989*, 125 Ill. 2d 332, 339 (1988) (under the doctrine of construction *in pari materia*, two legislative acts which address the same subject should be considered with reference to one another, so that both sections may be given harmonious effect). Accordingly, the appellate court erred in concluding that the ordinance superseded the statute.

## CONCLUSION

For the reasons we have discussed, the judgment of the appellate court is reversed, the judgment of the circuit court is affirmed, and the cause is remanded for further proceedings.

*Appellate court judgment reversed;*
*circuit court judgment affirmed;*
*cause remanded.*